Morsheda AMIN, Nashrat Shah Azad, Lamesa Nashrat, Plaintiffs–Appellants,

v.

Eric H. HOLDER, Jr.,* United States Attorney General, et al., Defendants–Appellees.**

No. 07–5630–cv.

United States Court of Appeals, Second Circuit.

Feb. 13, 2009.

M. Nawaz Wahla, Wahla & Associates, P.C., Hartford, CT, for Plaintiffs–Appellants.

David Nelson, Assistant United States Attorney (Nora R. Dannehy, United States Attorney, William J. Nardini, Assistant United States Attorney, and Lisa E. Perkins, Assistant United States Attorney, on the brief), Office of the United States Attorney for the District of Connecticut, New Haven, CT, for Defendants–Appellees.

PRESENT: JOSÉ A. CABRANES and RICHARD C. WESLEY, Circuit Judges, and EDWARD R. KORMAN, District Judge.***

## SUMMARY ORDER

The plaintiffs in this case, Morsheda Amin and her dependents, allege that they

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

\*\* The Clerk of Court is directed to amend the caption as noted.

\*\*\* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

were wrongfully denied visas by the United States Citizenship and Immigration Services for the fiscal year ending September 30, 2005, under the Diversity Immigrant Visa Program ("DV Program"). The DV Program would have permitted them to adjust their immigration status to that of lawful permanent residents under 8 U.S.C. § 1255(a). Plaintiffs sought an order from the District Court requiring defendants to issue them the diversity visas that they had been denied. In a Memorandum of Decision dated November 14, 2007, 2007 WL 3378517, the District Court dismissed plaintiffs' claims as moot. Plaintiffs filed a timely notice of appeal. We assume the parties' familiarity with the remaining factual and procedural history of the case.

■ For substantially the reasons stated by the District Court in its November 14, 2007 Memorandum of Decision, we conclude that plaintiffs' claims are moot. In particular, we note that the District Court correctly determined that this Court's decision in *Mohamed v. Gonzales*, 436 F.3d 79 (2d Cir.2006) controls, and accordingly, statutory law prohibits defendants from issuing the diversity visas in question, as the relevant fiscal year has ended. *See id.* at 80–81 ("The relevant statutes and regulations impose a strict one-year time limit on the granting of diversity visas, stating that '[a]liens who qualify, through random selection, for a visa [under the DV Program] shall remain eligible to receive such visa *only* through the end of the specific fiscal year for which they were selected.' 8 U.S.C. § 1154(a)(1)(I)(ii)(II) (emphasis added).").

■ Additionally, plaintiffs claim for the first time on appeal that defendants have violated their rights to due process and equal protection. Because these arguments were not advanced before the District Court, we do not consider them. *See Kraebel v. N.Y. City Dep't of Housing Preservation & Dev.*, 959 F.2d 395, 401 (2d Cir.1992) ("We have repeatedly held that if an argument has not been raised before the district court, we will not consider it . . . .").

### CONCLUSION

For the reasons stated above, we reject all of plaintiffs' claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED.**